IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EVERETT W. BRUNDRIDGE, | CV. 04-949-KI |
| Petitioner, | OPINION AND ORDER |
| v. | |
| GUY HALL, | |
| Respondent. | |

Tonia L. Moro
Assistant Federal Public Defender
15 Newtown Strett
Medford, OR 97501

    Attorney for Petitioner

Hardy Myers
Attorney General
Leonard R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

KING, Judge

1 -- OPINION AND ORDER

Petitioner, an inmate at Two Rivers Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the amended petition is denied.

## BACKGROUND

In 1984, petitioner was convicted of Rape in the First Degree (committed on October 8, 1983). Petitioner was sentenced as a dangerous offender to a term of 30 years, with a 10-year minimum. On May 28, 1993, petitioner was released on parole.

**I.  Revocation of Parole.**

On June 25, 2001, the Oregon Board of Parole and Post-Prison Supervision ("Board") revoked petitioner's parole on the basis that he (1) possessed a weapon; and (2) was seen outside a middle school videotaping female students. Board Action Form ("BAF") #20. The Board Action Form reflects petitioner's pre-parole projected good time release date of March 17, 2004. Id. However, on September 13, 2001, the Oregon Department of Corrections generated a "facesheet" which recalculated petitioner's projected good time release date to December 22, 2009.

Petitioner sought administrative review of the revocation of his parole and forfeiture of good time credits. On October 3, 2001, the Board amended its order of revocation, but ultimately upheld the revocation. In so doing, the Board stated that "the Department of Corrections, not the board, makes calculations of

2 -- OPINION AND ORDER

inmate's good time dates." Administrative Review Response ("ARR") #3.

Petitioner appealed to the Oregon Court of Appeals, with the assistance of counsel, and filed a "*pro se* supplemental brief" challenging the forfeiture of his good time credits on *ex post facto* and due process grounds. Resp. Exh. 125 at 130-166. On April 7, 2004, the Oregon Court of Appeals reversed the Board's order revoking parole, and remanded for consideration of whether petitioner's parole should be revoked on the basis of his possession of a weapon only. See Brundridge v. Board of Parole, 192 Or. App. 648, 87 P.3d 703, rev. denied, 337 Or. 327 (2004) (concluding that condition of parole that petitioner not "frequent" a place where minors are likely to congregate was not violated by a single visit to a middle school). In its decision, the Oregon Court of Appeals did not address the forfeiture of petitioner's pre-parole good time credits. On February 24, 2005, the Board reaffirmed the revocation of petitioner's parole. BAF #27.

**II. Denial of Re-release on Parole.**

On October 10, 2001, the Board held a "parole consideration hearing", at which it found that petitioner's dangerous condition had returned, and that he could not be adequately controlled in the community. The Board established a parole consideration date of March 8, 2003. BAF #21. The decision was upheld on administrative review. ARR #4.

3 -- OPINION AND ORDER

On March 15, 2002, petitioner filed a habeas corpus proceeding challenging the results of the parole consideration hearing and alleging, *inter alia*, that the Oregon Department of Corrections (ODOC) had unlawfully extended his good time release date from 2004 to 2009. The trial court summarily rejected the good time credit claim and petitioner appealed. On appeal, petitioner fairly presented an *ex post facto* challenge to the recalculation of his good time release date. (Resp. Exh. 113 at 1, 3, & 13-14.)

On May 2, 2003, the Board withdrew ARR #4 on the basis that it incorrectly applied O.R.S. 144.232 to petitioner. On May 28, 2003, the Board issued ARR #7, indicating that it should have held a "future disposition hearing" rather than a "parole consideration hearing."

On December 10, 2003, the Board held a future disposition hearing at which it denied petitioner re-release and set a parole release date of March 8, 2009. BAF #26. Additionally, the Board held that "pursuant to the laws and rules in effect at the time of the commitment offense," it would not restore any of petitioner's "forfeited statutory good time." Id. The decision was upheld on administrative review. ARR #9. Petitioner sought judicial review, which was denied. Petitioner did not seek review by the Oregon Supreme Court.

In the interim, the Oregon Court of Appeals dismissed petitioner's state habeas appeal as moot. Petitioner sought review

4 -- OPINION AND ORDER

by the Oregon Supreme Court for the reasons set forth in his "appellate brief". (Resp. Exh. 117 at 1.) The Oregon Supreme Court denied review.[1]

### III. Hearing on Request for Restoration of Good Time Credits.

On or about April 22, 2003, Superintendent Bob Schiedler submitted a memorandum to the Board recommending the restoration of petitioner's good time credits, the "number of days to be determined by the Board". On June 5, 2003, the Board denied the request for the restoration of good time credits. BAF #25. The Board's order was upheld on administrative review (ARR #8), and petitioner sought judicial review. The Oregon Court of Appeals dismissed the petition for judicial review, and the Oregon Supreme Court denied review.

### DISCUSSION

A petition for writ of habeas corpus, filed by a state prisoner, shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law"; or "resulted in a decision that was based on an unreasonable

---

[1] Because I find that petitioner fairly presented an *ex post facto* challenge to the forfeiture of good time credits in his appellate brief and, by incorporation, in his petition for review, I reject respondent's contention that ground for relief one is procedurally defaulted.

5 -- OPINION AND ORDER

determination of the facts in light of the evidence presented". 28 U.S.C. § 2254(d). In applying these standards, I am bound by the state's interpretation of its laws and administrative regulations. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

**I. Ground for Relief One - Ex Post Facto**

Petitioner alleges that he was denied his right to be free from *ex post facto* laws when the Board set his original good time date of March 22, 2004, back to 2009. I disagree.

O.R.S. 421.120 provides the formula by which the Oregon Department of Corrections may reduce an inmate's prison term by awarding good time credits. At the time of petitioner's offense, the statute provided in part:

> (1) Each inmate confined in execution of the judgment of sentence upon any conviction in the penal or correctional institution, for any term other than life, and whose record of conduct shows that the inmate faithfully has observed the rules of the institution, shall be entitled to a deduction from the term of sentence to be computed as follows:
>
> * * * * *
>
> (b) From the term of a sentence of more than one year, one day shall be deducted for every two days of such sentence actually served in the penal or correctional institution.
>
> * * * * *
>
> (2) When a paroled inmate violates any condition of parole, no deduction from the term of sentence, as provided in subsection (1) of this section, shall be made for service by such inmate in the penal or correctional institution prior to acceptance and release on parole, except when authorized by the State Board of Parole upon

6 -- OPINION AND ORDER

recommendation of the superintendent thereof.  (1981 Or. Laws, Ch. 425 § 2.)

Oregon courts have long held that pursuant to O.R.S. 421.120(2), when an individual violates parole, he *automatically forfeits* his pre-parole good time credits.  Griffin v. Board of Parole, 201 Or. App. 21, 28-29, 116 P.3d 930, rev. denied, 339 Or. 610 (2005); Ventris v. Maass, 99 Or. App. 85, 88, 781 P.2d 1224 (1989), rev. denied, 309 Or. 231 (1990); Burns v. Newell, 12 Or. App. 621, 624-25, 507 P.2d 414 (1973); Brown v. Cupp, 31 Or. App. 1237, 1242, 572 P.2d 1065 (1977) (Buttler, dissenting).  Hence, petitioner's contention that pre-parole good time credits were not "forfeited" until the adoption of O.A.R. 291-100-140(6) in 1993, is incorrect.

In order to obtain the restoration of forfeited good time credits, petitioner was required to obtain a positive recommendation by the prison superintendent and authorization from the Parole Board.  O.R.S. 421.120(2); Burns, 12 Or. App. at 626; see also O.A.R. 291-100-018(3)(c) (1983) ("[i]t is the prerogative of the Parole Board to approve or disapprove all [superintendent] recommendations").  "In deciding whether to restore pre-parole good time, [upon receipt of a positive recommendation by the Superintendent,] the Board can and should consider the prisoner's conduct while on parole."  Burns, 12 Or. App. at 627.  None of the administrative rules relied upon by petitioner change the operation

7 -- OPINION AND ORDER

of O.R.S. 421.120(2), and none create a protected liberty interest to have "some or all" forfeited good time credits restored.

The discretionary language of O.A.R. 255-175-085(2)**(b)** (1981), providing that, at a future disposition hearing, the Board *may* deny further parole consideration and return all or part of pre-parole good time credits, does not *require* the Board to exercise its discretion in favor of the restoration of *some* good time credits. In any event, because the Board set a new parole release date for petitioner, rather than require him to serve until the expiration of his sentence, O.A.R. 255-175-085(2)**(a)** appears to be the more applicable rule. See O.A.R. 255-175-085(2)(a) (1981) (Board may set new parole release date and choose not to give credit for statutory good time earned until suspension of parole).

Petitioner's reliance upon O.A.R. 291-100-018(3), which pertains to a superintendent's recommendation for restoration of pre-parole good time credits, also is misplaced. In Griffin, the Oregon Court of Appeals rejected the suggestion that O.A.R. 291-100-018(3) operated to restore the petitioner's good time credits or to require the Board to accept the recommendation of the superintendent to restore good time credits. 201 Or. App. at 29. Finally, O.A.R. 291-100-036, addressing the forfeiture of good time credits due to institutional misconduct, simply has no application to the instant case.

///

8 -- OPINION AND ORDER

In sum, based upon my independent review of the record,[2] I conclude that petitioner has failed to demonstrate the retroactive application of a state law or administrative rule to his case. Accordingly, the state court's rejection of petitioner's *ex post facto* claim is neither contrary to, nor an unreasonable application of, clearly established Federal law. Weaver v. Graham, 450 U.S. 24, 29 (1981) (violation of Ex Post Facto Clause requires proof that law or regulation is retrospective, that is, it must apply to events occurring before its enactment); Hunter v. Ayers, 336 F.3d 1007, 1011 (9th Cir. 2003) (same).

**II.   Ground for Relief Two - Due Process**

Petitioner alleges that the Board's order denying the restoration of good time credits violated due process because the Board failed to exercise its discretion in compliance with either O.A.R. 255-075-0098 (2001) or O.A.R. 254-175-085 (1983).

Petitioner's claim fails for two reasons. First, petitioner has failed to demonstrate that he has a state-created liberty interest in the *restoration* of *forfeited* good time credits. See Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003) (state statutory scheme using mandatory language may create liberty interest in parole); McQuillion v. Duncan, 306 F.3d 895, 901-03 (9th Cir. 2002) (same) (citing Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 12, (1979)). To the extent that petitioner's due process claim is

---

[2] See Himes, 336 F.3d at 853.

9 -- OPINION AND ORDER

premised upon his contention that O.A.R. 254-175-085 (1983) created a liberty interest by requiring the Board to restore "some or all" of petitioner's good time credits or that its discretion was "limited to earned versus forfeited credit as defined by the Department of Corrections rules", the claim fails for the reasons set forth above.

To the extent that petitioner's due process claim is premised upon his contention that O.A.R. 255-075-0098 limited the facts which the Board may consider in exercising its discretion under O.R.S. 421.120(2), I disagree. O.A.R. 255-075-0098 simply sets forth the circumstances under which the Board may restore forfeited good time credit, it does not purport to limit the exercise of the Board's discretion.

Second, assuming a liberty interest in the restoration of forfeited good time credits exists, petitioner has failed to demonstrate that the Board's decision was arbitrary. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (decision depriving inmate of protected due process right must be supported by "some evidence"). In Burns, the Oregon Court of Appeals addressed the Board's discretion to deny the restoration of pre-parole good time credits. The court held that when deciding whether to restore pre-parole good time credits under O.R.S. 421.120(2), it "can and should consider the prisoner's conduct while on parole." 12 Or. App. at 627. Otherwise, the court noted,

10 -- OPINION AND ORDER

"there would be no point in involving the Board in such a decision, which the legislature has done by ORS 421.120(2)."  Id.

In the instant proceeding, the Board properly considered petitioner's conduct on parole, and how it related to petitioner's original rape conviction, when denying the restoration of pre-parole good time credits:

> Your committing the crime of Rape in the First Degree involved your leaping from the bushes, grabbing the victim as she was jogging by, and forcibly raping her after threatening to bash her head in.  The board revoked your parole and returned you to prison after you were found near an elementary [sic] school with a digital camera focusing it on minor females.  You also possessed a hunting buck knife at your home.  The board did not abuse its discretion when it decided not to decrease the amount of time you should serve in custody for violating your conditions of parole when it chose not to restore your forfeited good time.  AAR #8.

Although petitioner correctly notes that the Oregon Court of Appeals subsequently held that petitioner's presence at the middle school, on one occasion, did not violate his parole, petitioner makes no showing that the Board was precluded from considering this conduct in denying the restoration of pre-parole good time credits. Further, the Board properly considered petitioner's possession of a buck knife.  The Board's decision is supported by "some evidence".

In sum, based upon my independent review of the record, I conclude that petitioner has failed to demonstrate that he had a protected liberty interest in the restoration of forfeited good time credits or that the Board's decision declining to restore his

11 -- OPINION AND ORDER

pre-parole good time credits was not supported by some evidence. Accordingly, the state court's rejection of petitioner's due process claim is neither contrary to, nor an unreasonable application of, clearly established Federal law.

## CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#66) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ____27th____ day of September, 2007.

                                               ___/s/ Garr M. King_____
                                               Garr M. King
                                               United States District Judge